No. 5452.

## CHARLES F. BEVENS vs. MEYER WEILL ET AL.

Redundancies in pleading will, on motion to that effect, be stricken out.

Before a judgment creditor, having a privilege on certain immovable property which has been really sold by his debtor to a third person, can seize and subject that property to his judgment, he must first bring a revocatory action and have the sale of the property annulled.

A valid sale of property may be made with a right of redemption reserved by the vendor.

The owner of property which has been illegally seized under a *fi. fa.* and offered for sale, will forfeit his claim for damages on account of the illegal seizure, if he himself h..s so acted, as to countenance the sale of the property under such seizure.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom*, J.

*Geo. L. Bright* for plaintiff and appellee.

• *Singleton & Browne* for defendants.

The opinion of the court was delivered by

MANNING, C. J. W. M. Pinckard improved certain lots in this city, owned by him, by the erection of buildings upon them, and executed a note to one Vanderwort, a builder, for five hundred and seventeen dollars and fifty-five cents, with acknowledgment of the builder's lien upon the property. This note and acknowledgment was duly recorded January 14 1873. Two days afterward, the defendant Meyer Weill became the owner of the note.

While the buildings were being erected Pinckard borrowed nine thousand dollars from the plaintiff Bevens which was expended upon them, but this was insufficient to finish them. On February 17th. 1873, Pinckard sold the whole property to Bevens for the sum thus borrowed, the buildings being then uncompleted, but it was stipulated in the act of sale that the vendor reserves to himself the right of redeeming the property until the 20th. of February 1874 by re-imbursing the vendee the price paid by him, i. e. $9000 together with taxes, insurance premiums, etc. Bevens on his part agreed to finish the buildings. It appears

however that the residence was habitable, since Pinckard occupied it as the tenant of Bevens.

This Act, thus passed by the parties, contains the recital of several mortgages and privileges which rest upon the property, and among them is the Vanderwort note. Pinckard states in his testimony that Bevens gave the notary money to pay this note, but the notary 'robbed it', to use his own expression. The act recites that all the parties holding these privileges and mortgages appeared before the notary (E. G. Wells) and released them, and authorized the Recorder of mortgages to erase them. Vanderwort was one of them, and he signed the act. The notary further recites that the vendor had produced before him four of the notes, secured by mortgage and privilege, and authorized the cancellation of them.

In due time Weill brought suit upon his Vanderwort note against Pinckard, claiming his privilege and praying its recognition, and setting forth its improper erasure from the mortgage-book. He had judgment accordingly, and issued execution upon it, which was levied upon the buildings, and they were advertised for sale. Bevens injoined the sale on the ground that the property seized belonged to himself. That is the suit now before us.

Weill, answering, denies that Bevens is the owner, and charges that the conveyance by Pinckard to him, though in the form of a sale, was in reality a security for the payment of a debt. The history of Weill's acquisition of the note is then given, and a recital of an alleged promise to pay by Bevens is made, and the improper erasure of the privilege is set forth at great length. The plaintiff moved to strike from the answer all that part of it, and the court refused the motion, and plaintiff reserved his bill.

The motion should have prevailed. The pleading of defendant is vicious because of redundancy. The sole question for consideration is, had Weill the legal right to seize property, the title to which was in Bevens and was real in its character, and force a sale of it, without first attacking the sale in a revocatory action. The authorities are very numerous and ancient that he can not. They were reviewed and commented on by us during the last term. Gaidry vs. Lyons, 29 Annual 4..

There was no simulation in the conveyance from Pinckard to Bevens. The parties frankly disclose the real nature of their act. It was a sale with a right of redemption, the time within which this right could be exercised, being prescribed, and the consequences of not exercising it being fully apprehended by both of the contracting parties. Pinckard says in his testimony that the time for redemption had passed, and the property belonged to Bevens. Bevens says the property is his, but Weill, or any other person claiming a privilege upon it can have it upon

paying what he paid for it. Being the property of Bevens, it could not be legally seized to satisfy a judgment against Pinckard without other preliminary proceedings than those taken in this case. The holder of a privilege is not without remedy. He has a hypothecary action for its enforcement.

The seizure of the buildings, separate from the ground, is not made one of the grounds of injunction, and it is unnecessary to remark that such seizure was illegal.

The judgment of the lower court perpetuated the injunction without damages. The plaintiff prays an amendment of the judgment, and an allowance of damages in accordance with the prayer of his petition. We should grant that prayer if it did not appear from the testimony that the plaintiff had encouraged the attempted sale of the property as a whole, as a means of realizing the amount it had cost him. It could not have been contemplated or desired by him that a seizure should have been made of the improvements apart from the ground.

The judgment is affirmed.